# U.S. District Court
## District of North Dakota (Western)
## CIVIL DOCKET FOR CASE #: <u>1:21−cv−00090−DMT−CRH</u>
### *Internal Use Only*

| | |
|---|---|
| Tesoro High Plains Pipeline Company, LLC v. United States of America et al | Date Filed: 04/23/2021 |
| Assigned to: Judge Daniel M. Traynor | Jury Demand: None |
| Referred to: Magistrate Judge Clare R. Hochhalter | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| Cause: 28:2201 Declaratory Judgment | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Tesoro High Plains Pipeline Company, LLC**     represented by     **Jeffrey A. Webb**
Norton Rose Fulbright US LLP
111 W. Houston Street
Ste 1800
San Antonio, TX 78205
210−224−5575
Email: jeff.webb@nortonrosefulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Emery**
Norton Rose Fulbright US LLP
799 9th Street, NW
Suite 1000
Washington, DC 20001−4501
202−662−0210
Fax: 202−662−4643
Email: mark.emery@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

**Matthew A. Dekovich**
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, TX 77010−3095
713−651−5147
Email: mdekovich@fulbright.com
*TERMINATED: 10/10/2022*

**Robert D Comer**
Fennemore Craig, P.C.
1700 Lincoln St
Suite 2400
Denver
Denver, CO 80203
303−291−3200
Fax: 303−291−3201

Email: bob.comer@nortonrosefulbright.com
*TERMINATED: 10/10/2022*

V.

**Defendant**

**United States of America**    represented by    **Cody Taylor Knapp**
DOJ–Civ
Civil Division, United States Department of Justice
1100 L Street
Room 12004
Washington, DC 20005
202–514–1318
Email: cody.t.knapp@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
U.S. Attorney's Office
P.O. Box 699
Bismarck, ND 58502
701–530–2420
Email: michael.schoepf@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
DOJ–Enrd
Natural Resources Division
150 M Street NE
Washington DC 20002
Room 3120
Washington, DC 20002
202–305–0436
Fax: 202–305–0506
Email: peter.dykema@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Samuel Gollis**
DOJ–Enrd
Environment & Natural Resources Division
999 18th Street
South Terrace
Suite 370
Denver, CO 80202
303–844–1351
Email: samuel.gollis@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**United States Department of the Interior**

**Cody Taylor Knapp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Gollis**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**United States Bureau of Indian Affairs**
*a part of the United States Department of the Interior*

represented by **Cody Taylor Knapp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Gollis**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Linda Gourneau**

represented by **Ashleigh B. Ensrud**
Pringle & Herigstad PC
2525 Elk Drive
PO Box 1000
Minot, ND 58702–1000
701–852–0381
Email: aensrud@pringlend.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
Pringle & Herigstad PC
2525 Elk Drive
PO Box 1000
Minot, ND 58702–1000
701–852–0381
Email: dhoffarth@pringlend.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
Pringle & Herigstad PC
2525 Elk Drive
PO Box 1000
Minot, ND 58702–1000
701–852–0381
Email: rsoderstrom@pringlend.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Loren Jeanotte**                 represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Linda Jeanotte**                 represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Edison Redday**                 represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Tammie Bradfield**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Melanie Brugh Johnson**              represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Brandon Yellowbird**                  represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Brooks Reynolds, Sr.**     represented by     **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Dennis G. Nash**     represented by     **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Michelle Crows Heart**     represented by     **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
Patterson Earnhart Real Bird & Wilson
LLP
1900 Plaza Drive
Louisville, CO 80027
303–926–5292
Email: jrasmussen@nativelawgroup.com
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
Patterson Earnhart Real Bird & Wilson
LLP
1900 Plaza Drive
Louisville, CO 80027
303–926–5292
Fax: 303–926–5293
Email: jpatterson@nativelawgroup.com
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
Patterson Earnhart Real Bird & Wilson
LLP
1900 Plaza Drive
Louisville, CO 80027
303–926–5292
Fax: 303–926–5293
Email: mholditch@nativelawgroup.com
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **Brett Dade** | represented by | **Ashleigh B. Ensrud**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **Jeffrey Dade** | represented by | **Ashleigh B. Ensrud**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Bridget Nash**                           represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Thomas Nash**                           represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Reginald Touche**                       represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Muriel Jackson**                        represented by

**Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Robin Fredericks**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Richard Mayer**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Reed Alan Soderstrom
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Angelita Mayer Waller**    represented by **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Jacqueline White Owl**    represented by **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Laura Lee White Owl**    represented by **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Benjamin Many Ribs, III**                  represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Sheila Many Ribs**                  represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Shawn Price, Jr.**                  represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Amos Hinshaw**                  represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Angel Many Ribs**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Robert Hinshaw**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Irenea Bussey Bennet**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Movant**

**Paula Muhltoff**                    represented by  **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Adolph Bell**                       represented by  **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Michelle Dragswolf**               represented by  **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Ramona Dickens**                   represented by  **Ashleigh B. Ensrud**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Tex Hall**                     represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Les Yellow Wolf**              represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Lila Gwin**                                   represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Dora Gwin**                                   represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Lynette Gwin**                                represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Colter Crows Heart**                          represented by

Ashleigh B. Ensrud
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Debra L. Hoffarth
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Reed Alan Soderstrom
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Darryl Turner**                    represented by    Ashleigh B. Ensrud
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Debra L. Hoffarth
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Reed Alan Soderstrom
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Adele Young**                      represented by    Ashleigh B. Ensrud
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Debra L. Hoffarth
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Reed Alan Soderstrom
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Valorie Brady**                    represented by    Ashleigh B. Ensrud
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Debra L. Hoffarth

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Carmelita Davis**                           represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Kevyn Heck**                                represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Keith Heck**                                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Conrada Silk**                                  represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Movant**

**Laurel Shaw**                    represented by  **Ashleigh B. Ensrud**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Debra L. Hoffarth**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Jeffrey S. Rasmussen**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

                                   **Jeremy Joseph Patterson**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

                                   **Michael W Holditch**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

                                   **Reed Alan Soderstrom**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

**Movant**

**Jeanette Bailly**                represented by  **Ashleigh B. Ensrud**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Debra L. Hoffarth**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Reed Alan Soderstrom**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

**Movant**

**Elenjo Schaff**                  represented by  **Ashleigh B. Ensrud**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Debra L. Hoffarth**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Lezlie Johnson**                represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**DeLinda McKay–Gohl**            represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Clarice Big Back**                    represented by   **Ashleigh B. Ensrud**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Debra L. Hoffarth**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Reed Alan Soderstrom**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

<u>Movant</u>

**Jarret Baker**                        represented by   **Ashleigh B. Ensrud**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Debra L. Hoffarth**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Reed Alan Soderstrom**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

<u>Movant</u>

**Kyle Baker**                          represented by   **Ashleigh B. Ensrud**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Debra L. Hoffarth**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Reed Alan Soderstrom**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

<u>Movant</u>

**Perry Baker**                         represented by   **Ashleigh B. Ensrud**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Debra L. Hoffarth**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Randy Baker**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Rosalyn Baker**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Valerie Williams**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Movant**

**Roberta Dahlen**                        represented by   **Ashleigh B. Ensrud**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Debra L. Hoffarth**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Reed Alan Soderstrom**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**Jodi Rave**                             represented by   **Ashleigh B. Ensrud**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Debra L. Hoffarth**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Reed Alan Soderstrom**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**Whitney Bell**                          represented by   **Ashleigh B. Ensrud**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Debra L. Hoffarth**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Reed Alan Soderstrom**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**Lorenzo Spotted Bear**                  represented by   **Ashleigh B. Ensrud**
                                                           (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Tiffany Rave**                                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Carlin Rave, Jr.**                                represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Jordan Gunderson**                                represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Barry L. Benson**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Ivetta Spotted Bear**              represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Marian Spotted Bear**            represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Nicole Nygaard**                                represented by   **Ashleigh B. Ensrud**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Debra L. Hoffarth**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Reed Alan Soderstrom**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Helyn Zarfos**                                  represented by   **Ashleigh B. Ensrud**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Debra L. Hoffarth**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Reed Alan Soderstrom**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Kari Jo Lawrence**                              represented by   **Ashleigh B. Ensrud**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Debra L. Hoffarth**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Reed Alan Soderstrom**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Daniel Baker**                                  represented by   **Ashleigh B. Ensrud**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Reed Alan Soderstrom**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Movant**

**Sherry Baker**                  represented by    **Ashleigh B. Ensrud**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Debra L. Hoffarth**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jeffrey S. Rasmussen**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jeremy Joseph Patterson**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Michael W Holditch**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Reed Alan Soderstrom**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Movant**

**Kimberly Eagle**                represented by    **Ashleigh B. Ensrud**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Debra L. Hoffarth**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Reed Alan Soderstrom**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Movant**

Tracy Robbins       represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

Kandace Eagle       represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

Jerrilane Lincoln       represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

Dennis Howling Wolf, Jr.       represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Mavis Medicine Stone**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Vivian Hurkes**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Todd Hall**                    represented by   **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Alder Lone Bear**                    represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Eunice Lone Bear**                   represented by    **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota**

represented by **Ashleigh B. Ensrud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra L. Hoffarth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reed Alan Soderstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Richard Brown**

represented by **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Leslie Durando**

represented by **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Frank Eagle**

represented by

**Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Katherine Eagle**                    represented by   **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**LaVerne Eagle**                    represented by   **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Movant**</u>

**Theophile Eagle**                    represented by   **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Veronica Iron Thunder**       represented by  **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Corey Mohl**       represented by  **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Darrin Pegram**       represented by  **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Herbert Pleets**       represented by  **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Movant**

**Lawrence Pleets**                      represented by   **Jeffrey S. Rasmussen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jeremy Joseph Patterson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael W Holditch**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Movant**

**Cheryl Sears**                         represented by   **Jeffrey S. Rasmussen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jeremy Joseph Patterson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael W Holditch**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Movant**

**Elisa Weasel**                         represented by   **Jeffrey S. Rasmussen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jeremy Joseph Patterson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael W Holditch**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Movant**

**Arnold Youngbird**                     represented by   **Jeffrey S. Rasmussen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jeremy Joseph Patterson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

Michael W Holditch
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Jordan Spotted Bear Gunderson**      represented by  **Jeffrey S. Rasmussen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Joseph Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Holditch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**United States Bureau of Indian Affairs**      represented by  **Cody Taylor Knapp**
*a part of the United States Department of the Interior*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**United States Department of the Interior**      represented by  **Cody Taylor Knapp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**United States of America**      represented by  **Cody Taylor Knapp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marisa Hazell**
DOJ–Enrd

999 18th St.
Ste S Terrace Ste 334
Denver, CO 80202
202–532–3055
Email: marisa.hazell@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael D. Schoepf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Kryn Dykema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Gollis**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Tesoro High Plains Pipeline Company,**     represented by    **Jeffrey A. Webb**
**LLC**     (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Emery**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew A. Dekovich**
(See above for address)
*TERMINATED: 10/10/2022*

**Robert D Comer**
(See above for address)
*TERMINATED: 10/10/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2021 | 1 | COMPLAINT against United States Bureau of Indian Affairs, United States Department of the Interior, United States of America (Filing fee $402, receipt number 121000567) filed by Tesoro High Plains Pipeline Company, LLC. (Attachments: # 1 Exhibit A–Notification of Trespass Determination, # 2 Exhibit B–Notice, Order on Administrative Record, and Decision, # 3 Exhibit C–Letter dated 12/22/2020, # 4 Exhibit D–Receipt of Payment, # 5 Exhibit E–Decision Vacating Prior Decisions, # 6 Exhibit F–New York Times Article, # 7 Exhibit G–Notice of Appeal, # 8 Exhibit H–Letter dated 8/6/2020, # 9 Exhibit I–Amended Complaint, # 10 Exhibit J–Freedom of Information Act Request, # 11 Exhibit K–Freedom of Information Act Request, # |

| | | |
|---|---|---|
| | | 12 Exhibit L–Freedom of Information Act Request, # 13 Exhibit M–Freedom of Information Act Request, # 14 Exhibit N–Letter dated 10/28/2020, # 15 Exhibit O–Freedom of Information Act Request, # 16 Civil Cover Sheet)(cjs) (Attachment 9 replaced on 4/26/2021 to remove double header. NEF regenerated.) (lf). (Entered: 04/23/2021) |
| 04/23/2021 | 2 | Summons Issued as to United States Bureau of Indian Affairs, United States Department of the Interior, United States of America, U.S. Attorney and U.S. Attorney General (cjs) (Entered: 04/23/2021) |
| 06/11/2021 | 3 | MOTION for Preliminary Injunction by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 06/11/2021) |
| 06/11/2021 | 4 | SUPPLEMENT *Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* to document: 3 MOTION for Temporary Restraining Order *and Preliminary Injunction* by Tesoro High Plains Pipeline Company, LLC. (Attachments: # 1 Exhibit Exhibit A to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 2 Exhibit Exhibit B to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 3 Exhibit Exhibit C to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 4 Exhibit Exhibit D to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 5 Exhibit Exhibit E to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 6 Exhibit Exhibit F to Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction)(Webb, Jeffrey) (Entered: 06/11/2021) |
| 06/11/2021 | 6 | MOTION for Temporary Restraining Order by Tesoro High Plains Pipeline Company, LLC. See document 3 . (cjs) (Entered: 06/17/2021) |
| 06/16/2021 | 5 | STIPULATION re 3 MOTION for Temporary Restraining Order *and Preliminary Injunction* by Tesoro High Plains Pipeline Company, LLC. (Attachments: # 1 Proposed Order)(Webb, Jeffrey) (Entered: 06/16/2021) |
| 06/17/2021 | 7 | NOTICE of Appearance by Michael D. Schoepf on behalf of United States Bureau of Indian Affairs, United States Department of the Interior, United States of America (Schoepf, Michael) (Entered: 06/17/2021) |
| 06/17/2021 | 8 | ORDER Adopting Stipulation by Judge Daniel M. Traynor. Tesoro's request for a Temporary Restraining Order 6 is MOOT. Federal Defendants' response to Tesoro's request for a preliminary injunction shall be due on or before July 23, 2021. Tesoro's reply in support of its request for a preliminary injunction shall be due on or before August 13, 2021. (SR) (Entered: 06/17/2021) |
| 06/17/2021 | | Set/Reset Deadlines as to 3 MOTION for Preliminary Injunction. Responses due by 7/23/2021 Replies due by 8/13/2021. (mf) (Entered: 06/17/2021) |
| 06/22/2021 | 9 | NOTICE of Hearing on 3 MOTION for Preliminary Injunction: Motion Hearing set for 8/23/2021 at 01:30 PM in Bismarck Courtroom 1 before Judge Daniel M. Traynor. (Three hours) (SR) (Entered: 06/22/2021) |
| 06/24/2021 | 10 | NOTICE of Appearance by Peter Kryn Dykema on behalf of All Defendants (Dykema, Peter) (Main Document 10 replaced with nonfillable .pdf on 6/25/2021. NEF regenerated) (pb). (Entered: 06/24/2021) |

| 06/25/2021 | | DOCKET CORRECTION re: 10 NOTICE of Appearance. Clerk's Office replaced document with nonfillable.pdf and regenerated the NEF. (pb) (Entered: 06/25/2021) |
|---|---|---|
| 07/14/2021 | 11 | *RESTRICTED – FILED IN ERROR* NOTICE by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America *of Lodging Administrative Record* (Dykema, Peter) Modified on 7/14/2021 to restrict access per filer's request (mf). (Entered: 07/14/2021) |
| 07/14/2021 | | DOCKET CORRECTION re: 11 Notice. Filed in error. Clerk's Office restricted access to document per request of filer. (mf) (Entered: 07/14/2021) |
| 07/21/2021 | 12 | STIPULATION re 3 MOTION for Preliminary Injunction *Revising Briefing schedule* by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Dykema, Peter) (Entered: 07/21/2021) |
| 07/21/2021 | 13 | MOTION to Continue by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. See document 12 . (jb) (Entered: 07/22/2021) |
| 07/22/2021 | | DOCKET CORRECTION re: 12 Stipulation. Multiple relief document filed as one relief. Clerk's Office filed Motion to Continue at 13 . (jb) (Entered: 07/22/2021) |
| 07/22/2021 | 14 | ORDER by Judge Daniel M. Traynor ADOPTING 12 Stipulation to Extend Briefing and Answer Schedule and GRANTING 13 Motion to Continue. (SR) (Entered: 07/22/2021) |
| 07/22/2021 | | Deadlines and Hearings Terminated. Hearing on 3 MOTION for Preliminary Injunction set for 8/23/2021 at 01:30 PM in Bismarck Courtroom 1 before Judge Daniel M. Traynor is CANCELLED. Chambers will work with parties to reschedule the hearing at a later date. (SR) (Entered: 07/22/2021) |
| 07/22/2021 | | Set/Reset Deadlines as to 3 MOTION for Preliminary Injunction.( Responses due by 9/20/2021, Replies due by 10/11/2021.), Set/Reset Deadlines: United States Bureau of Indian Affairs answer due 9/27/2021; United States Department of the Interior answer due 9/27/2021; United States of America answer due 9/27/2021. (mf) (Entered: 07/22/2021) |
| 08/03/2021 | 15 | NOTICE of Hearing on Motion 3 MOTION for Preliminary Injunction : Motion Hearing set for 11/2/2021 at 09:00 AM in Bismarck Courtroom 1 before Judge Daniel M. Traynor. (three hours)(SR) (Entered: 08/03/2021) |
| 08/20/2021 | 16 | MOTION to Intervene by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, |

| | | |
|---|---|---|
| | | Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Soderstrom, Reed) (Entered: 08/20/2021) |
| 08/20/2021 | 17 | MEMORANDUM in Support re 16 MOTION to Intervene filed by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Attachments: # 1 Exhibit A – INTERVENORS SPECIAL ANSWER AND COUNTER–CLAIM)(Soderstrom, Reed) (Entered: 08/20/2021) |
| 09/03/2021 | 18 | STIPULATION re 16 MOTION to Intervene *Extending Time to Respond* by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America, (Dykema, Peter) Modified on 9/7/2021 to remove incorrect filers (mf) (Entered: 09/03/2021) |
| 09/07/2021 | 19 | (Text Only) ORDER adopting 18 Stipulation Extending Time to Respond to 16 MOTION to Intervene. Tesoro and the Federal Defendants shall have until 10/04/2021 to respond to Allottee Landowners' 16 MOTION to Intervene. (BG) (Entered: 09/07/2021) |
| 09/07/2021 | | Set/Reset Deadlines as to 16 MOTION to Intervene . Responses due by 10/4/2021 (jb) (Entered: 09/07/2021) |
| 09/07/2021 | | DOCKET CORRECTION re: 18 Stipulation. Modified entry to remove incorrect filers. (mf) (Entered: 09/07/2021) |
| 09/17/2021 | 20 | NOTICE of Appearance by Cody Taylor Knapp on behalf of All Defendants (Knapp, Cody) (Entered: 09/17/2021) |
| 09/20/2021 | 21 | STIPULATION re 16 MOTION to Intervene , 3 MOTION for Preliminary Injunction, 15 Notice of Hearing on Motion by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Schoepf, Michael) (Entered: 09/20/2021) |
| 09/22/2021 | 22 | ORDER by Judge Daniel M. Traynor Adopting 21 Stipulation to Extend Filing Deadlines and to Vacate Hearing Date. (SR) (Entered: 09/22/2021) |

| | | |
|---|---|---|
| 09/22/2021 | | Deadlines and Hearings Terminated. Motion Hearing re: Preliminary Injunction scheduled for 11/02/2021 is CANCELLED. The parties shall advise the Court if a hearing should be rescheduled. (SR) (Entered: 09/22/2021) |
| 09/22/2021 | | Set/Reset Deadlines as to 3 MOTION for Preliminary Injunction – Responses due by 11/19/2021 Replies due by 12/10/2021 16 MOTION to Intervene – Responses due by 12/3/2021. (cjs) (Entered: 09/22/2021) |
| 09/22/2021 | | Set/Reset Deadlines: United States Bureau of Indian Affairs answer due 11/26/2021; United States Department of the Interior answer due 11/26/2021; United States of America answer due 11/26/2021. (cjs) (Entered: 09/22/2021) |
| 11/11/2021 | 23 | STIPULATION *to Extend Filing Deadlines and Motion to Vacate Hearing Date re* 16 *MOTION to Intervene,* 3 *MOTION for Preliminary Injunction* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) Modified on 11/12/2021 to add links. (jb) (Entered: 11/11/2021) |
| 11/12/2021 | | DOCKET CORRECTION re: 23 Stipulation. Clerk's office added links. (jb) (Entered: 11/12/2021) |
| 11/12/2021 | 24 | (Text Only) ORDER by Judge Daniel M. Traynor Adopting Stipulation re 23 Stipulation filed by Tesoro High Plains Pipeline Company, LLC. re: 16 MOTION to Intervene, 3 MOTION for Preliminary Injunction. Federal Defendants' opposition to 3 due on 1/18/2022. Tesoro's Reply due on 2/8/2022. Federal Defendants' Response to the Complaint due 1/25/2022. Tesoro and Federal Defendants' Response to 16 due 2/1/2022. (KC) (KC) (Entered: 11/12/2021) |
| 11/12/2021 | | Set/Reset Deadlines as to 3 MOTION for Preliminary Injunction (Responses due by 1/18/2022, Replies due by 2/8/2022) 16 MOTION to Intervene (Responses due by 2/1/2022). Set/Reset Deadlines: United States Bureau of Indian Affairs answer due 1/25/2022; United States Department of the Interior answer due 1/25/2022; United States of America answer due 1/25/2022. (mf) (Entered: 11/12/2021) |
| 01/18/2022 | 25 | STIPULATION *to Extend Filing Deadlines* by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Dykema, Peter) (Entered: 01/18/2022) |
| 01/19/2022 | 26 | (Text Only) ORDER by Judge Daniel M. Traynor Adopting 25 Stipulation *to Extend Filing Deadlines* filed by United States Department of the Interior, United States Bureau of Indian Affairs, United States of America. Responses to 3 Motion for Preliminary Injunction due 2/1/2022 and Replies due 2/22/2022. Responses to 1 Complaint due 2/8/2022. Responses to 16 Motion to Intervene due 2/15/2022. (CK) (Entered: 01/19/2022) |
| 01/19/2022 | | Set/Reset Deadlines as to 3 MOTION for Preliminary Injunction. Responses due by 2/1/2022 Replies due by 2/22/2022. (jb) (Entered: 01/19/2022) |
| 01/19/2022 | | Set/Reset Deadlines: United States Bureau of Indian Affairs answer due 2/8/2022; United States Department of the Interior answer due 2/8/2022; United States of America answer due 2/8/2022. (jb) (Entered: 01/19/2022) |
| 01/19/2022 | | Set/Reset Deadlines as to 16 MOTION to Intervene . Responses due by 2/15/2022 (jb) (Entered: 01/19/2022) |
| 02/01/2022 | 27 | RESPONSE to Motion re 3 MOTION for Preliminary Injunction filed by United States Bureau of Indian Affairs, United States Department of the Interior, United |

| | | |
|---|---|---|
| | | States of America. (Attachments: # <u>1</u> Exhibit A – 7/2/20 Notification of Trespass Determination Letter, # <u>2</u> Exhibit B – Assistant Secretary – Indian Affairs Decision, # <u>3</u> Exhibit C – Memorandum re Guidance Accompanying the Vacate and Remand Decision, # <u>4</u> Exhibit D – Notice of Appeal and Statement of Reasons, # <u>5</u> Exhibit E – 1/13/21 Statement of Reasons in Support of Appeal, # <u>6</u> Exhibit F – Declaration of Stephanie Cloud, # <u>7</u> Exhibit G – Declaration of Timothy LaPointe)(Dykema, Peter) Modified on 2/2/2022 to add exhibit descriptions. (js) (Entered: 02/01/2022) |
| 02/02/2022 | | DOCKET CORRECTION re: <u>27</u> RESPONSE to Motion. Clerks office added descriptions to attachments. (js) (Entered: 02/02/2022) |
| 02/08/2022 | <u>28</u> | ANSWER to <u>1</u> Complaint,,,, , COUNTERCLAIM against Tesoro High Plains Pipeline Company, LLC by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Attachments: # <u>1</u> Exhibit 1 – 1953 Easement, # <u>2</u> Exhibit 2 – 1973 Easement, # <u>3</u> Exhibit 3 – 1995 Easement)(Dykema, Peter) (Entered: 02/08/2022) |
| 02/10/2022 | <u>29</u> | NOTICE of Appearance by Samuel Gollis on behalf of United States Bureau of Indian Affairs, United States Department of the Interior, United States of America (Gollis, Samuel) (Entered: 02/10/2022) |
| 02/14/2022 | <u>30</u> | STIPULATION re <u>16</u> MOTION to Intervene , <u>17</u> MEMORANDUM in Support,,,,,, by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 02/14/2022) |
| 02/15/2022 | 31 | (Text Only) ORDER adopting <u>30</u> Stipulation to Extend Time to File Responses to Motion to Intervene. Responses to Motion to Intervene due by 2/22/2022. By Magistrate Judge Clare R. Hochhalter. (BG) (Entered: 02/15/2022) |
| 02/15/2022 | | Set/Reset Deadlines as to <u>16</u> MOTION to Intervene . Responses due by 2/22/2022 (jb) (Entered: 02/15/2022) |
| 02/22/2022 | <u>32</u> | RESPONSE to Motion re <u>16</u> MOTION to Intervene filed by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Dykema, Peter) (Entered: 02/22/2022) |
| 02/22/2022 | <u>33</u> | REPLY to Response to Motion re <u>3</u> MOTION for Preliminary Injunction filed by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | <u>34</u> | RESPONSE to Motion re <u>16</u> MOTION to Intervene filed by Tesoro High Plains Pipeline Company, LLC. (Attachments: # <u>1</u> Exhibit A – Heckman Decision)(Webb, Jeffrey) Modified to add exhibit description on 2/24/2022 (pb). (Entered: 02/22/2022) |
| 02/23/2022 | <u>35</u> | MOTION for Extension of Time to File Response/Reply as to <u>28</u> Answer to Complaint,, Counterclaim, by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 02/23/2022) |
| 02/24/2022 | 36 | (Text Only) ORDER by Magistrate Judge Clare R. Hochhalter granting <u>35</u> Motion for Extension of Time to File Response to Counterclaim. Plaintiff's response due buy 3/31/2022. (BG) (Entered: 02/24/2022) |
| 02/24/2022 | | DOCKET CORRECTION re: <u>34</u> RESPONSE to Motion. Clerk's Office added description to exhibit. Pursuant to Administrative Policy Section XIII(A) each attachment must contain a "description of sufficient detail to make the attachment readily identifiable to the court." See Guide to Filing Attachments on our website for further instruction. www.ndd.uscourts.gov. (pb) (Entered: 02/24/2022) |

| | | |
|---|---|---|
| 02/25/2022 | | Set/Reset Deadlines: Tesoro High Plains Pipeline Company, LLC answer to Counterclaim due 3/31/2022. See Order at 36 . (sj) (Entered: 02/25/2022) |
| 03/07/2022 | 37 | STIPULATION to Extend Filing Deadlines re 16 Motion to Intervene by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Hoffarth, Debra) Modified on 3/8/2022 to correct link (cjs). (Entered: 03/07/2022) |
| 03/07/2022 | 38 | STIPULATION re 3 MOTION for Preliminary Injunction *Joint Request to Abstain from Ruling on Tesoro's Motion for Preliminary Injunction* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) Modified on 3/8/2022 to remove link (cjs). (Entered: 03/07/2022) |
| 03/08/2022 | | DOCKET CORRECTION re: 37 Stipulation. Clerk's Office corrected link; re: 38 Stipulation. Clerk's Office removed link. (cjs) (Entered: 03/08/2022) |
| 03/08/2022 | 39 | (Text Only) ORDER Adopting Stipulation re 37 Stipulation to Extend Filing Deadlines. Reply to Motion to Intervene due by 3/31/2022. By Magistrate Judge Clare R. Hochhalter.(LC) (Entered: 03/08/2022) |
| 03/08/2022 | | Set/Reset Deadlines as to 16 MOTION to Intervene . Reply due by 3/31/2022. (jb) (Entered: 03/08/2022) |
| 03/08/2022 | 40 | ORDER by Judge Daniel M. Traynor Adopting Stipulation, in part, re 38 Stipulation, filed by Tesoro High Plains Pipeline Company, LLC.(KC) (Entered: 03/08/2022) |
| 03/24/2022 | 41 | STIPULATION re 28 Answer to Complaint,, Counterclaim, by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 03/24/2022) |
| 03/25/2022 | 42 | (Text Only) ORDER adopting 41 Stipulation. Plaintiff's response to counterclaim due by 5/2/2022. By Magistrate Judge Clare R. Hochhalter. (BG) (Entered: 03/25/2022) |
| 03/25/2022 | | Set/Reset Deadlines: Tesoro High Plains Pipeline Company, LLC answer due 5/2/2022. (cjs) (Entered: 03/25/2022) |
| 03/28/2022 | 43 | REPLY to Response to Motion re 16 MOTION to Intervene *in Support of* filed by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, |

| | | |
|---|---|---|
| | | Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Soderstrom, Reed) (Entered: 03/28/2022) |
| 04/26/2022 | 44 | STIPULATION re 28 Answer to Complaint,, Counterclaim, *Extend Time for Plaintiff to Respond to Defendants' Counterclaim* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 04/26/2022) |
| 04/27/2022 | 45 | (Text Only) ORDER adopting 44 Stipulation. Plaintiff's response to counterclaim due by 6/1/2022. By Magistrate Judge Clare R. Hochhalter. (BG) (Entered: 04/27/2022) |
| 04/27/2022 | | Set/Reset Deadlines: Tesoro High Plains Pipeline Company, LLC answer due 6/1/2022. (mf) (Entered: 04/27/2022) |
| 05/31/2022 | 46 | MOTION to Stay *Litigation* by United States of America. (Gollis, Samuel) (Entered: 05/31/2022) |
| 06/01/2022 | 47 | (Text Only) ORDER by Judge Daniel M. Traynor granting 46 Motion to Stay. This case is stayed for 90 days. Status Report regarding Allottees' approval of settlement due on or before 8/29/2022. (CK) (Entered: 06/01/2022) |
| 06/03/2022 | | Set/Reset Deadlines: Status Report due by 8/29/2022. (pb) (Entered: 06/03/2022) |
| 08/26/2022 | 48 | STATUS REPORT *Joint Filing by Federal Parties and* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 08/26/2022) |
| 08/29/2022 | 49 | STATUS REPORT *by Proposed Intervenors* by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison |

| | | |
|---|---|---|
| | | Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Soderstrom, Reed) (Entered: 08/29/2022) |
| 09/13/2022 | 50 | NOTICE of Hearing: Status Conference set for 9/22/2022 at 02:30 PM by telephone before Judge Daniel M. Traynor. (SR) (Entered: 09/13/2022) |
| 09/21/2022 | 51 | NOTICE of Appearance by Marisa Hazell on behalf of United States of America (Hazell, Marisa) (Entered: 09/21/2022) |
| 09/22/2022 | 52 | Minute Entry for proceedings held before Judge Daniel M. Traynor: Status Conference held via telephone on 9/22/2022. Hearing held in conjunction with 1:19–cv–143. (Court Reporter RC) (rm) (Entered: 09/22/2022) |
| 09/23/2022 | 53 | *RESTRICTED – WRONG EVENT SELECTED* MOTION to Dismiss for Failure to State a Claim by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) Modified on 9/26/2022 to restrict access (mf) (Entered: 09/23/2022) |
| 09/23/2022 | 54 | MOTION to Dismiss for Failure to State a Claim by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 09/23/2022) |
| 09/23/2022 | 55 | MEMORANDUM in Support re 54 MOTION to Dismiss for Failure to State a Claim 56 MOTION to Sever, MOTION to Stay filed by Tesoro High Plains Pipeline Company, LLC. (mf) Modified on 9/30/2022 to add additional link (mf) (Entered: 09/26/2022) |
| 09/23/2022 | 56 | MOTION to Sever, MOTION to Stay by Tesoro High Plains Pipeline Company, LLC. (See document 54 ) (mf) (Entered: 09/26/2022) |
| 09/26/2022 | | DOCKET CORRECTION re: 53 Motion to Dismiss. Wrong event selected. Clerk's Office restricted access to document and re–filed as Memorandum in Support at 55 . Re: 54 Motion to Dismiss. Multiple relief document filed as one relief. Clerk's Office filed Motion to Sever and Motion to Stay at 56 . (mf) (Entered: 09/26/2022) |
| 09/30/2022 | | DOCKET CORRECTION re: 55 Memorandum in Support. Clerk's Office added additional link. (mf) (Entered: 09/30/2022) |
| 10/04/2022 | 57 | MOTION for Extension of Time to File Response/Reply as to 56 MOTION to SeverMOTION to Stay, 54 MOTION to Dismiss for Failure to State a Claim by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Schoepf, Michael) (Entered: 10/04/2022) |
| 10/05/2022 | 58 | (Text Only) ORDER by Judge Daniel M. Traynor granting 57 Motion for Extension of Time to File Response/Reply as to 56 MOTION to Sever, MOTION to Stay, and 54 MOTION to Dismiss for Failure to State a Claim. Responses due by 10/21/2022. (CK) (Entered: 10/05/2022) |
| 10/10/2022 | 59 | NOTICE of Substitution of Attorney by Jeffrey A. Webb on behalf of Tesoro High Plains Pipeline Company, LLC (Webb, Jeffrey) (Entered: 10/10/2022) |
| 10/18/2022 | 60 | TRANSCRIPT of Telephonic Status Conference held on September 22, 2022, before Judge Daniel M. Traynor. Court Reporter/Transcriber Ronda Colby, Telephone number 701–530–2309. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of |

| | | |
|---|---|---|
| | | Transcript Restriction. After that date it may be obtained through PACER.. Notice of Intent to Request Redaction due 10/25/2022. Redaction Request due 11/8/2022. Redacted Transcript Deadline set for 11/18/2022. Release of Transcript Restriction set for 1/17/2023. (rc) (Entered: 10/18/2022) |
| 10/21/2022 | 61 | RESPONSE to Motion re 54 MOTION to Dismiss for Failure to State a Claim, 56 Motion to Sever, Motion to Stay filed by All other similarly situated Allottee landowners on the Ft. Berthold Indian Reservation, Dunn County, North Dakota, Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos. (Attachments: # 1 Exhibit 1– Surface Access Permit Agreement, # 2 Exhibit 2– Resolution, # 3 Exhibit 3– 2018 Letter, # 4 Exhibit 4– 2021 Letter)(Soderstrom, Reed) Modified on 11/15/2022 to add link. (jb) (Entered: 10/21/2022) |
| 10/21/2022 | 62 | RESPONSE to Motion re 54 MOTION to Dismiss for Failure to State a Claim, 56 Motion to Sever, Motion to Stay filed by United States of America. (Gollis, Samuel) Modified on 11/15/2022 to add link. (jb) (Entered: 10/21/2022) |
| 10/26/2022 | 63 | MOTION for Extension of Time to File Response/Reply as to 54 MOTION to Dismiss for Failure to State a Claim , 55 MEMORANDUM in Support *and to Exceed Page Limitations* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 10/26/2022) |
| 10/27/2022 | 64 | (Text Only) ORDER by Judge Daniel M. Traynor granting 63 Motion for Extension of Time to File Response/Reply as to 54 MOTION to Dismiss for Failure to State a Claim , 55 MEMORANDUM in Support *and to Exceed Page Limitations*. Reply due by 11/14/2022 and shall not exceed 20 pages in length. (CK) (Entered: 10/27/2022) |
| 10/27/2022 | 65 | NOTICE by Jeanette Bailly, Daniel Baker, Jarret Baker, Kyle Baker, Perry Baker, Randy Baker, Rosalyn Baker, Sherry Baker, Adolph Bell, Whitney Bell, Barry L. Benson, Clarice Big Back, Tammie Bradfield, Valorie Brady, Melanie Brugh Johnson, Irenea Bussey Bennet, Colter Crows Heart, Michelle Crows Heart, Brett Dade, Jeffrey Dade, Roberta Dahlen, Carmelita Davis, Ramona Dickens, Michelle Dragswolf, Kandace Eagle, Kimberly Eagle, Robin Fredericks, Linda Gourneau, Jordan Gunderson, Dora Gwin, Lila Gwin, Lynette Gwin, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Amos Hinshaw, Robert Hinshaw, Dennis Howling Wolf, Jr, Vivian Hurkes, Muriel Jackson, Linda Jeanotte, Loren Jeanotte, Lezlie Johnson, Kari Jo Lawrence, Jerrilane Lincoln, Alder Lone Bear, Eunice Lone Bear, Angel Many Ribs, |

| | | |
|---|---|---|
| | | Benjamin Many Ribs, III, Sheila Many Ribs, Richard Mayer, Angelita Mayer Waller, DeLinda McKay–Gohl, Mavis Medicine Stone, Paula Muhltoff, Bridget Nash, Dennis G. Nash, Thomas Nash, Nicole Nygaard, Shawn Price, Jr, Carlin Rave, Jr, Jodi Rave, Tiffany Rave, Edison Redday, Brooks Reynolds, Sr, Tracy Robbins, Elenjo Schaff, Laurel Shaw, Conrada Silk, Ivetta Spotted Bear, Lorenzo Spotted Bear, Marian Spotted Bear, Reginald Touche, Darryl Turner, Jacqueline White Owl, Laura Lee White Owl, Valerie Williams, Les Yellow Wolf, Brandon Yellowbird, Adele Young, Helyn Zarfos re 61 Response to Motion,,,,,, *of Errata to Proposed Intervenors Response to Plaintiffs Motion to Dismiss the Counterclaim* (Attachments: # 1 Corrected page 17 of the Proposed Intervenors Response to Plaintiffs Motion to Dismiss the Counterclaim)(Soderstrom, Reed) (Entered: 10/27/2022) |
| 11/14/2022 | 66 | REPLY to Response to Motion re 56 MOTION to SeverMOTION to Stay, 54 MOTION to Dismiss for Failure to State a Claim, 55 Memorandum in Support *Plaintiffs Reply in Support of Motion to Dismiss the Counterclaim (Doc Nos. 54, 55, 56)* filed by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) Modified on 11/15/2022 to add link. (jb) (Entered: 11/14/2022) |
| 11/15/2022 | | DOCKET CORRECTION re: 61 Response to Motion, 62 Response to Motion, 66 Reply to Response to Motion. Clerk's office added links. (jb) (Entered: 11/15/2022) |
| 08/08/2023 | 67 | ORDER by Judge Daniel M. Traynor denying 16 Motion to Intervene. (AB) (Entered: 08/08/2023) |
| 11/03/2023 | 68 | *RESTRICTED–ERROR IN DOCUMENT* MOTION to Intervene by Sherry Baker, Valorie Brady, Michelle Crows Heart, Jordan Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Laurel Shaw. (Rasmussen, Jeffrey) Modified on 11/3/2023 to restrict access(cjs). (Entered: 11/03/2023) |
| 11/03/2023 | 69 | *RESTRICTED–ERROR IN DOCUMENT* MOTION to Intervene by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird. (Rasmussen, Jeffrey) Modified on 11/6/2023 to restrict access (cjs). (Entered: 11/03/2023) |
| 11/03/2023 | | DOCKET CORRECTION re: 68 Motion to Intervene. Clerk's Office restricted access to document. Filer will re–file. (cjs) (Entered: 11/03/2023) |
| 11/06/2023 | | DOCKET CORRECTION re: 69 Motion to Intervene. Clerk's Office restricted access to document per chambers. Filer is to re–file the motion listing all parties represented and selecting all parties listed in the motion as filers. (cjs) (Entered: 11/06/2023) |
| 11/06/2023 | 70 | MOTION to Intervene by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird. (Rasmussen, Jeffrey) (Entered: 11/06/2023) |
| 11/08/2023 | 71 | |

| | | |
|---|---|---|
| | | ORDER by Judge Daniel M. Traynor denying without prejudice <u>54</u> Motion to Dismiss for Failure to State a Claim; granting 56 Motion to Sever and granting 56 Motion to Stay. The United States' <u>28</u> Counterclaim is severed for purposes of discovery, motions practice, and trial. The proceeding relating to the counterclaim is stayed pending the outcome of the underlying administrative claims. (CK) (Entered: 11/08/2023) |
| 11/15/2023 | <u>72</u> | MOTION for Extension of Time to File Response/Reply as to <u>70</u> MOTION to Intervene *(Unopposed)* by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 11/15/2023) |
| 11/17/2023 | 73 | (Text Only) ORDER by Judge Daniel M. Traynor granting <u>72</u> Motion for Extension of Time to File Response/Reply re <u>70</u> MOTION to Intervene *(Unopposed)*. Response due on or before 11/30/2023. (AV) (Entered: 11/17/2023) |
| 11/17/2023 | | Set/Reset Deadlines as to <u>70</u> MOTION to Intervene . Responses due by 11/30/2023 (mf) (Entered: 11/17/2023) |
| 11/17/2023 | <u>74</u> | NOTICE of Appearance by Jeremy Joseph Patterson on behalf of Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird (Attachments: # <u>1</u> List of Individual Movant Allottees appearing on behalf of) (Patterson, Jeremy) Modified on 11/20/2023 to remove 'exhibit' reference and to add a more complete description to attachment (mf) (Entered: 11/17/2023) |
| 11/20/2023 | | DOCKET CORRECTION re: <u>74</u> Notice of Appearance. Clerk's Office removed 'exhibit' reference from attachment and added a more complete description to attachment. (mf) (Entered: 11/20/2023) |
| 11/20/2023 | <u>75</u> | NOTICE of Appearance by Michael W Holditch on behalf of Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird (Holditch, Michael) (Entered: 11/20/2023) |
| 11/27/2023 | <u>76</u> | *RESTRICTED–WRONG EVENT SELECTED* NOTICE by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird re <u>70</u> MOTION to Intervene *Notice of Withdraw Motion To Intervene* (Rasmussen, Jeffrey) Modified on 11/28/2023 to restrict access (cjs). (Entered: 11/27/2023) |
| 11/27/2023 | <u>77</u> | MOTION to Withdraw Document <u>70</u> MOTION to Intervene by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird. |

| | | |
|---|---|---|
| | | (cjs) (Entered: 11/28/2023) |
| 11/28/2023 | | DOCKET CORRECTION re: 76 Notice (Other). Wrong event selected. Clerk's Office restricted access to document and re–filed as Motion to Withdraw Document at 77 . (cjs) (Entered: 11/28/2023) |
| 01/09/2024 | 78 | MOTION to Intervene by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird. (Rasmussen, Jeffrey) (Entered: 01/09/2024) |
| 01/19/2024 | 79 | MOTION for Extension of Time to File Response/Reply as to 78 MOTION to Intervene by Tesoro High Plains Pipeline Company, LLC. (Webb, Jeffrey) (Entered: 01/19/2024) |
| 01/22/2024 | 80 | (Text Only) ORDER by Judge Daniel M. Traynor granting 77 Motion to Withdraw Document 70 MOTION to Intervene and granting 79 Motion for Extension of Time to File Response/Reply as to 78 MOTION to Intervene. 70 Motion to Intervene is withdrawn. Responses to 78 Motion to Intervene due by 1/29/2024. (CK) (Entered: 01/22/2024) |
| 01/29/2024 | 81 | RESPONSE to Motion re 78 MOTION to Intervene filed by United States Bureau of Indian Affairs, United States Department of the Interior, United States of America. (Dykema, Peter) (Entered: 01/29/2024) |
| 01/29/2024 | 82 | RESPONSE to Motion re 78 MOTION to Intervene filed by Tesoro High Plains Pipeline Company, LLC. (Attachments: # 1 Exhibit A – Affidavit of Jeffrey A. Webb, # 2 Exhibit A–1 – Final Settlement & Release Agreement Including Consent for Grant of Right–of–Way)(Webb, Jeffrey) Modified on 1/30/2024 to add descriptions to attachments. (mf) Modified on 1/30/2024 to add exhibit descriptions. (sj). (Entered: 01/29/2024) |
| 01/30/2024 | | DOCKET CORRECTION re: 82 Response to Motion. Clerk's Office added descriptions to attachments. (mf) (Entered: 01/30/2024) |
| 01/30/2024 | | DOCKET CORRECTION re: 82 RESPONSE to Motion. Clerk's Office added exhibit descriptions to attachments. (sj) (Entered: 01/30/2024) |
| 02/05/2024 | 83 | REPLY to Response to Motion re 78 MOTION to Intervene filed by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, Katherine Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Tex Hall, Todd Hall, Keith Heck, Kevyn Heck, Veronica Iron Thunder, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Corey Mohl, Darrin Pegram, Herbert Pleets, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Elisa Weasel, Arnold Youngbird. (Rasmussen, Jeffrey) (Entered: 02/05/2024) |
| 07/10/2024 | 84 | ORDER by Judge Daniel M. Traynor granting 3 Motion for Preliminary Injunction and denying 78 Motion to Intervene. (CK) (Entered: 07/10/2024) |
| 09/09/2024 | 85 | *RESTRICTED – WRONG EVENT SELECTED* NOTICE OF APPEAL re 84 Order by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Todd Hall, Keith Heck, Kevyn Heck, Muriel Jackson, Lezlie Johnson, |

| | | |
|---|---|---|
| | | Eunice Lone Bear, Darrin Pegram, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Arnold Youngbird. Filing fee $605, Receipt #ANDDC−2980698. (Rasmussen, Jeffrey) Modified on 9/10/2024 to add link (mf) Modified on 9/10/2024 to add receipt number. (jb) Modified on 9/11/2024 to restrict access (mf) (Entered: 09/09/2024) |
| 09/09/2024 | 87 | NOTICE OF INTERLOCUTORY APPEAL as to 84 Order on Motion for Preliminary Injunction, Order on Motion to Intervene by Sherry Baker, Valorie Brady, Richard Brown, Michelle Crows Heart, Leslie Durando, Frank Eagle, LaVerne Eagle, Theophile Eagle, Jordan Spotted Bear Gunderson, Todd Hall, Keith Heck, Kevyn Heck, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Darrin Pegram, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Arnold Youngbird. Filing fee $ 605 Receipt #ANDDC−2980698. (mf) (Entered: 09/11/2024) |
| 09/10/2024 | 86 | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals re 85 Notice of Appeal, (mf) (Entered: 09/10/2024) |
| 09/10/2024 | | DOCKET CORRECTION re: 85 Notice of Appeal. Clerk's Office added link. (mf) (Entered: 09/10/2024) |
| 09/11/2024 | 88 | Amended Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals re 87 Notice of Interlocutory Appeal, (mf) (Entered: 09/11/2024) |
| 09/11/2024 | | DOCKET CORRECTION re: 85 Notice of Appeal. Wrong event selected. Clerk's office restricted access to document and re−filed as Notice of Interlocutory Appeal at 87 . (mf) (Entered: 09/11/2024) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tesoro High Plains Pipeline Company, LLC,<br><br>                                        Plaintiff,<br><br>vs.<br><br>United States of America; United States Department of the Interior; United States Bureau of Indian Affairs, as part of the United States Department of the Interior,<br><br>                                        Defendants. | Case No. 1:21-cv-90 |

---

## ORDER GRANTING MOTION FOR PRELIMINARY INJUCTION AND DENYING MOTION TO INTERVENE

---

## INTRODUCTION

[¶1]     THIS MATTER comes before the Court on a Motion for Preliminary Injunction filed on June 11, 2021, by Plaintiff Tesoro High Plains Pipeline Company, LLC ("Tesoro"). Doc. No. 3. The Defendants filed their Response on February 1, 2022. Doc. No. 27. Tesoro filed a Reply on February 22, 2022. Doc. No. 33. A Status Conference was held on September 22, 2022. Doc. No. 60. At the hearing the Court was informed Tesoro intended to file a Motion to Dismiss the United States' Counterclaim. Id. at p. 8. There was also a pending Motion to Intervene at the time of the Status Conference. See Doc. No. 16. On August 8, 2023, the Court denied the Motion to Intervene. Doc. No. 67. On November 8, 2023, the Court denied without prejudice the Tesoro's Motion to Dismiss the United States Counterclaim, and granted Tesoro's alternative Motions to Sever the Counterclaim and Stay the proceedings as it relates to the Counterclaim pending the resolution of

- 1 -

[¶2] the underlying administrative claims. Doc. No. 71. For the reasons set forth below, Tesoro's Motion for Preliminary Injunction is **GRANTED**.

[¶2] Also before the Court is a Motion to Intervene filed by the proposed Intervenors on January 9, 2024. Doc. No. 78. Tesoro and the Defendants filed Responses on January 29, 2024. Doc. Nos. 81, 82. The Intervenors filed a Reply on February 5, 2024. Doc. No. 83. Because the Motion to Intervene is essentially duplicative of the previous Motion to Intervene that was denied, this Motion to Intervene is likewise **DENIED**.

## BACKGROUND

[¶3] Tesoro owns the High Plains Pipeline System ("Pipeline"), which transports oil throughout the Bakken Region. Doc. No. 1, ¶ 43. Relevant here, a 15-mile segment of the Pipeline crossing the southwest corner of Indian trust lands within the MHA[1] Nation Fort Berthold Reservation. Id. at ¶ 44. The Pipeline crosses ten (10) tracts of land owned by the United States for the benefit of the MHA Nation and thirty-four (34) tracts of land owned by the United States, in part, for the benefit of individual tribal member allottees, and in part, for the benefit of the MHA Nation. Id. at ¶ 44. Rights-of-way for the Pipeline cover less than ninety-one (91) acres across these tracts while the Pipeline itself only occupies a small area within the rights-of-way. Id. at ¶ 45.

[¶4] On September 18, 1953, and on behalf of the allottees and the Tribe, the Superintendent for the BIA's Forth Berthold Agency executed a 20-year Grant of Easement for Right of Way for the Pipeline, which began operating that year. Id. at ¶ 46. Renewals of the Grant of Easement for Right of Way occurred on June 18, 1973, and June 18, 1993. Id. at ¶ 46. Tesoro approached the MHA Nation and the BIA[2] in 2013 to negotiate the renewal of the 1993 right-of-way. Id. at ¶ 47.

---

[1] Mandan, Hidatsa, and Arikara.
[2] Bureau of Indian Affairs.

- 2 -

The MHA Tribal Chairman instructed Tesoro at the time it should not approach individual tribal members until negotiations for tribally owned land was complete and the MHA Nation had time to review Tesoro's safety record. Id. at ¶ 47.

[¶5]    In 2014, Tesoro undertook steps to secure appraisals of each of the 44 tracts of land, knowing it was required by BIA regulations to secure federally approved appraisals prior to negotiating a renewal with individual allottees. Id. at ¶ 49. In accordance with the Office of the Special Trustee's Appraisal Services ("OST"), Tesoro obtained an independent licensed appraisal of the tracts of land, which was eventually completed in 2014 and updated in 2016. Id. The BIA failed to obtain OST review or approve the appraisals and updates. Id. In 2017, the MHA Nation and Tesoro entered into an agreement for an approximately twenty-eight (28) year renewed right-of-way. Id. at ¶ 48. The renewed right-of-way covered all the Tribe's interests in the forty-four (44) tracts at issue, which included ten tribal tracts and fifteen additional tracts to which the Tribe had interests. Id.

[¶6]    After Tesoro obtained this new right-of-way from the MHA Nation, Tesoro began negotiating with individual allottees for renewed rights-of-way on the individual allotted tracts. Id. at ¶ 50. Tesoro's first mailed an offer to the approximately 450 individual allottees of $66,000 per acre, which included an initial payment for past use and first year bonus, as well as an annual amount for the remainder of the term. Id. The fair market value per acre for purchase of the land, itself, ranged from $650 to $750 in 2014 and $850 to $900 in 2016. Id. Negotiations with individual allottees were progressing. Id.

[¶7]    By early 2018, Tesoro received consent from approximately 150 individual allottees—enough to give Tesoro eight additional tracts to those included in the 2017 agreement with the Tribe. Id. at ¶ 51. Around the same time, the Superintendent for the BIA's Fort Berthold Agency

- 3 -

asked Tesoro to get a third appraisal at the direction of OST. Id. On March 23, 2018, Tesoro filed

its application with the BIA for the right-of-way on the individual allotted tracts with the

understanding by the Superintendent that the right-of-way would be approved in completed

segments as majority consent is obtained for each tract. Id.

[¶8]     Tesoro submitted its third appraisal on May 31, 2018. Id. at ¶ 52. However, OST required

Tesoro to make revisions, which were ultimately re-submitted in August 2018. Id. Despite this,

the BIA again failed to secure OST review or obtain approval for the appraisals. Id. On October

31, 2018, Tesoro received notice the OST had merged into the Appraisal and Valuation Services

Office ("AVSO"). Id. at ¶ 59. As a result, Tesoro was notified the appraisals would need to be

revised again to comply with an AVSO-approved Statement of Work. Doc. Id.

[¶9]     In January of 2019, the AVSO proposed to the BIA Regional Office and the Fort Berthold

Office that it could use a recent market analysis of the Reservation to decide whether Tesoro's

offer to the individual allottees satisfied the regulatory requirement that it met or exceeded fair

market value. Id. at ¶ 60. Tesoro offered $66,000 per acre, which exceeded the $3,997.40 per acre

found by the market analysis. Id. AVSO even concluded the market analysis "would certainly

provide a sufficient basis for the Superintendent to conclude" Tesoro's offer significantly exceeded

the market value. Id. AVSO's Director then issued a Statement of Work for the appraisals on all

44 tracts of land. Id. at ¶ 61. The Statement of Work required Tesoro to obtain a fifth appraisal of

the disputed land. Id. at ¶ 62. On February 5, 2020, AVSO confirmed the appraiser would complete

the appraisals on all 44 using the same methodology AVSO's review appraiser approved. Id. The

fifth appraisal was submitted to AVSO on May 19, 2020. Id.

[¶10]   Despite this, Tesoro was informed AVSO would not provide the appraisals to the BIA

without the BIA first instructing it to do so. Id. at ¶ 63. Over the following months, Tesoro

- 4 -

attempted to speak with the BIA's Superintendent and Regional Director and AVSO about the issue, but the BIA "refused to take receipt of the completed appraisals from AVSO." Id.

[¶11] Tesoro continued to engage in good faith negotiations with landowners, increasing its offer from $66,000 per acre to over $70,000 per acre in June 2020. Id. at ¶ 72. At the same time, AVSO provided BIA with another market analysis, explaining it was an alternative to the appraisals BIA refused to accept. Id. The market analysis examined 56 other underground pipeline right-of-way transactions on the Reservation over the previous decade. Id. at ¶ 73. This market analysis showed the per acre range to be between $3,500 and $31,200. Id. Tesoro's offer of over $70,000 was still double the high end of the market analysis. See id.

[¶12] While all of this occurred, the Superintendent was instructing AVSO to stop working on the appraisals Tesoro diligently obtained. Id. at ¶ 66. Instead, "the BIA Superintendent and her staff were secretly working with counsel who represented certain Indian landowners to draft a notice of trespass determination." Id. The secretly-prepared notice of trespass was issued to Tesoro on July 2, 2020 ("July 2 Notification"). Id. at ¶ 75. The July 2 Notification relied only on materials provided to the BIA by allottees' counsel, including "valuation materials, the primary portions which had been prepared by an individual that was not even a certified appraiser." Id. at ¶¶ 66, 75. The individual allottees were allegedly not provided the AVSO appraisal. Id. at ¶ 75. The July 2 Notification effectively derailed the ongoing negotiations. Id. at ¶ 76.

[¶13] Tesoro appealed the July 2 Notification to the Interior Board of Indian Appeals ("IBIA"). Id. at ¶ 77. The Assistant Secretary – Indian Affairs ("AS-IA") assumed jurisdiction over the appeal on August 13, 2020. Id. On October 29, 2020, the AS-IA issued a decision ("2020 AS-IA Decision") to vacate the July 2 Notification in its entirety, citing numerous deficiencies and errors

- 5 -

in the July 2 Notification. Id. at ¶ 78. The AS-IA then remanded the case back to the Regional Director with instructions to issue a new decision. Id.

[¶14]   Tesoro attempted to communicate with the Regional Director after the AS-IA issued her decision and during the remand process. Id. at ¶ 79. Tesoro also attempted to contact the AS-IA on October 30, 2020, November 6, 2020, and November 12, 2020. Id. at ¶¶ 79-82. According to Tesoro, it communicated to the Regional Director its status on negotiations with landowners, including its increased offer of $102,000 per acre. Id. at ¶ 82, 83. The BIA Regional Director continued to ignore Tesoro's attempts to discuss the matter. See id. at ¶¶ 79-81.

[¶15]   Eventually, the Regional Director responded on November 16, 2020 by letter send via mail service. Id. at ¶ 82. Tesoro received the response on November 23, 2020. Id. Tesoro replied to the Regional Director's letter noting Tesoro had increased the offer to $102,000 per acre. Id. at ¶ 83. Mediation between Tesoro and certain allottees occurred on December 2 and 8, 2020. Id. at ¶ 84. Ultimately, on December 11, 2020, Tesoro upped its offer to $110,000 per acre. Id. at ¶ 87.

[¶16]   Despite the good faith negotiations, the Regional Director issued another Notification of trespass on December 15, 2020 ("December 15 Notification"), which required Tesoro to pay $3,961,907.00 for back rent or unauthorized use payments plus interest and to cease using the pipeline. Id. at ¶¶ 88, 89. The December 15 Notification gave Tesoro thirty (30) days to make its payment and stop using the pipeline. Id. at ¶ 90.

[¶17]   Tesoro immediately began compliance with the December 15 Notification. Id. at ¶ 91. Tesoro turned off the flow of the pipeline within forty-eight (48) hours of receipt of the December 15 Notification. Id. at ¶ 92. Tesoro also made a timely payment in full, and the BIA cashed the payment check. Id. at ¶ 93.

- 6 -

[¶18]   Tesoro and certain Allottees appealed, and the AS-IA assumed jurisdiction over Tesoro's appeal on January 13, 2021. Id. at ¶¶ 94-97. The next day, the AS-IA issued her opinion affirming the December 15 Notification. Id. at ¶ 98. The AS-IA's decision stated, "[t]his decision constitutes a final agency action under 5 U.S.C. 704, which is judicially reviewable." Id. at ¶ 100. The AS-IA did not assume jurisdiction over the Allottees' appeals, so the IBIA retained jurisdiction over the Allottees' appeals. Id. at ¶ 101. The IBIA dismissed the Allottees' appeals on February 9, 2021. Id. at ¶ 102. Certain Allottees petitioned to rescind the January 14, 2021, AS-IA decision and requested attorneys' fees. Id. at ¶¶ 103, 104.  This petition was denied on March 3, 2021. Id. at ¶ 105.[3]

[¶19]   In the meantime, the Acting Secretary of Interior mailed Tesoro the Vacatur Order. Id. at ¶ 109. This Decision was signed March 12, 2021, but the attached certificate of service states it was served on Tesoro on March 18, 2021. Doc. No. 1-5, pp. 5-6. In between the Acting Secretary signing the Vacatur Order and it being served on Tesoro, the new Secretary of Interior took office on March 15, 2021.  Doc. No. 1. ¶ 108. The Vacatur Order purportedly vacated the July 2 and December 15 Notifications as well as the 2021 AS-IA Decision. Id. at ¶ 110. The Acting Secretary remanded to the Regional Director for further consideration and to account for Tesoro's continued occupation of the right-of-way. Id. The Acting Secretary did not provide any notice to the Parties of the Acting Secretary's intent to reconsider the prior decisions. Id. at ¶ 113.

[¶20]   Tesoro filed the instant lawsuit on April 23, 2021. Doc. No. 1. Tesoro asserts (1) it is entitled to a declaratory judgment finding the decisions prior to the Vacatur Order are final and Tesoro has fully complied with their requirements (Id. at ¶¶ 128-144); (2) the Acting Secretary's Vacatur Order violates the Administrative Procedure Act (Id. at ¶¶ 145-170); (3) the Acting

---

[3] These allottees ultimately filed a lawsuit challenging this decision. Doc. No. 1, ¶¶ 106, 107.

Secretary's decision violates Tesoro's Fifth Amendment Due Process rights (Id. at ¶¶ 171-185); and (4) a Freedom of Information Act violation (Id. at ¶¶ 186-192). The primary question before the Court is whether the Acting Secretary had authority to vacate the July 2 and December 15 Notifications and the 2021 AS-IA decision affirming the December 15 Notification.

## DISCUSSION

### I.    Preliminary Injunction

#### 1.    Preliminary Injunction Standard

[¶21]   In deciding whether to issue a preliminary injunction, the Court considers four distinct factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Central to this analysis "is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Id. "[N]o single factor is determinative," but the probability of success on the merits "is the most significant" factor. Id.; Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013). Regardless, the Court is required to consider all four of the Dataphase factors. See Home Instead, Inc., 721 F.3d at 500.

[¶22]   Tesoro argues a preliminary injunction is appropriate because it satisfies each of the Dataphase factors. Tesoro specifically contends it is likely to succeed on the merits because (1) the Vacatur Order was issued by the previous Acting Secretary three days after the actual Secretary was appointed; (2) there was no notice the secretary assumed jurisdiction or was reviewing the BIA's decisions; (3) the Vacatur Order was not done in a reasonable time; (4) the Vacatur Order was arbitrary and capricious; (5) the Vacatur Order did not properly explain the reasoning or

justification for its conclusions; and (6) the Defendants deprived Tesoro of finality and its protected property interests without due process of law. Tesoro argues it faces irreparable harm because it will be deprived of finality. According to Tesoro, this harm outweighs any injury to the United States because the United States will suffer no harm if the Vacatur Order is enjoined. Finally, Tesoro contends the public interest favors an injunction because the public is served by prohibiting agencies from unilaterally vacating prior decisions marked "final agency action" when the governing statutes and regulations do not provide for such reconsideration. In other words, the public has a strong interest in finality under the circumstances of this case.

[¶23]   The United States argues Tesoro is not likely to prevail on the merits because: (1) the Acting Secretary acted validly by issuing the Vacatur Order; (2) the agency was well within its authority to reconsider its own decision; (3) no statute or regulation prohibit the reconsideration at issue; (4) the Vacatur Order itself was the notice of reconsideration; (5) reconsideration was done in a timely fashion; (6) the Vacatur Order was not arbitrary and capricious; and (7) the Vacatur Order does not violate Tesoro's Due Process rights. The United States further argues Tesoro has not suffered an irreparable injury because ultimately Tesoro's harm is in the form of loss of money, which is not irreparable. Finally, the United States argues the public interest and balance of harms weigh against an injunction because the Acting Secretary is required to ensure all are afforded due process.

### 2. Probability of Success on the Merits

[¶24]   When determining the probable success on the merits of the claims, the Court should not "apply the probability language with mathematical precision." <u>Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc.</u>, 815 F.2d 500, 503 (8th Cir. 1987). The Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant

- 9 -

that justice requires the court to intervene to preserve the status quo until the merits are determined." Id. (internal quotation marks and citation omitted).

[¶25]   The Eighth Circuit has described the probability of success on the merits "as the most important of the four [Dataphase] factors." Jet Midwest International Co. v. Jet Midwest Group, LLC, 953 F.3d 1041, 1044 (8th Cir. 2020) (alteration in original) (quoting Roudachevski v. All-Am. Care Centers, Inc., 648 F.3d 701, 706 (8th Cir. 2011)). In weighing this factor, the Court does not decide whether the movant "will ultimately win"; rather, the movant "must simply show a 'fair chance of prevailing.'" Id. (quoting PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1142 (8th Cir. 2007) and Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 732 (8th Cir. 2008) (en banc)). Whether a movant has shown a fair chance of prevailing does not mean the movant must "prove greater than fifty per cent likelihood that [it] will prevail on the merits." Id. (quotation marks omitted) (quoting Dataphase Sys., 940 F.2d at 113). Under circumstances where the movant has no chance of succeeding, an injunction will not issue. Id. (quoting Mid-Am. Real Estate Co. v. Iowa Realty Co., 406 F.3d 969, 972 (8th Cir. 2005)).

[¶26]   A movant does not need to show a likelihood of success on the merits of every claim; rather, a movant must establish a likelihood of success on the merits of a single claim. See Nokota Horse Conservancy, Inc. v. Bernhardt, 666 F.Supp.2d 1073, 1080 (D.N.D. 2009) ("The Court finds at this preliminary stage of the litigation, and based on the limited information in the record, the Conservancy has established a sufficient likelihood of success on the merits of its trademark infringement claim. The Court finds it is unnecessary to undertake an extensive review of the Conservancy's additional claims."); Running Horse, LLC v. Rodenbough Trucking & Excavating, Inc., 2016 WL 8737867, *3 (D.N.D. February 26, 2016) ("A likelihood of success on the merits of even one claim can be sufficient to satisfy the 'likelihood of success' Dataphase factor.").

- 10 -

[¶27]   Tesoro has shown a likelihood of success on the merits of its claim the Vacatur Order violated the APA.[4] Agencies have equitable authority to consider its wrong decisions. Iowa Power and Light Co. v. United States, 712 F.2d 1292, 1297 (8th Cir. 1983) (quoting United Gas Improvement Co. v. Callery Properties, Inc., 382 U.S. 223, 229 (1965) ("An agency, like a court, can undo what is wrongly done by virtue of its order.")). Despite this inherent authority, "an agency may undertake such reconsideration only if it does so within a reasonable time period and affords the claimant proper notice of its intent to reconsider the decision." Dun & Bradstreet Corp. Found. v. U.S. Postal Serv., 946 F.2d 189, 193 (2d Cir. 1991).

[¶28]   In addition, Title 43, Section 4.5(a)(2) of the Code of Federal Regulations confers on the Secretary of the Interior "[t]he authority to review any decision of any employee or employees of the Department, including any administrative law judge or board of the Office, or to direct any such employee or employees to reconsider a decision." 43 C.F.R. § 4.5(a)(2). This Section requires the Secretary or Director to provide the parties written notice of the Secretary's or Director's assumption of jurisdiction to review the previous decisions. 43 C.F.R. § 4.5(c) ("If the Secretary or Director assumes jurisdiction of a case or reviews a decision, the parties and the appropriate Departmental personnel will be advised in writing of such action, the administrative record will be requested, and, after the review process is completed, a written decision will be issued."). Tesoro is likely to succeed because the Vacatur Order was issued without any notice to the parties of the

---

[4] The Court takes no position on the issue of whether the Acting Secretary issued the Vacatur Order without due authority. The Vacatur Decision was dated March 12, 2021, while the Acting Secretary was still leading the Department of the Interior. However, it was not mailed until March 18, 2021, three days after the Secretary was confirmed. Neither side provides caselaw or statutes to assist the Court in determining when the decision became effective. Regardless, because Tersoro is likely to succeed on the merits of its APA claim, this issue does not need to be resolved at this time.

- 11 -

Acting Secretary's intent to reconsider the decision and, while only months, under the circumstances Tesoro is likely to show the timeframe was unreasonable.

[¶29]   Beginning with the notice, the United States argues the Acting Secretary's Vacatur Order was the notice itself. This betrays reality. The Acting Secretary's order vacated all prior agency decisions relating to Tesoro's pipeline. Without proper notice, Tesoro was not given an opportunity to waive or respond to the claim of prior due process issues. However, the Acting Secretary unilaterally vacated all prior orders and mandated the process start over without input from any party. Contrary to the United States' position, this action was not providing Tesoro the requisite notice of the Acting Secretary's intent to vacate the prior orders. Rather, the order vacated all prior orders without providing Tesoro the opportunity to respond before the vacatur took effect.[5] This is contrary to both the Acting Secretary's inherent authority and the authority under 43 C.F.R. § 4.5. Tesoro is likely to succeed on the merits of this claim.

[¶30]   When looking to the reasonableness of the timeframe, courts look to certain factors: (1) complexity of the decision; (2) any express time limit for appeals; (3) legally cognizable property interests from the initial decision; (3) whether plaintiff has relied on the initial decision; (4) whether the agency's justification was merely a pretext of fraud; and (5) impact of a wrong decision without reconsideration. Belville Min. Co. v. United States, 999 F.2d 989, 1001 (6th Cir.

_____

[5] The lack of notice likewise undercuts the United States' position that the Acting Secretary had due process concerns over the prior proceedings. There was no notice or opportunity to respond provided to Tesoro before the Acting Secretary vacated the prior orders. Given this lack of notice and an opportunity for Tesoro to respond, it appears the Acting Secretary may have pretextual reasons for summarily vacating all the prior orders. The record, however, does not provide any context for a pretextual justification. Suffice it to say, a lack of due process in the prior proceedings seems a squirrely justification for an order that itself lacked the requisite notice and opportunity to respond.

- 12 -

1993).[6] When the reasonable timeframe has passed, the agency "'no longer [has] an opportunity to correct the procedural error retroactively.'" Id. (quoting Gratehouse v. United States, 512 F.2d 1104, 1109 (Ct. Cl. 1975)).

[¶31]   On balance, Tesoro is likely to succeed in showing the timeframe for issuing the Vacatur Order was unreasonable. The AS-IA issued the decision to affirm the December 15 Notification on January 14, 2021. The Acting Secretary's Vacatur Order was signed on March 12, 2021, or fifty-seven (57) days after the AS-IA's affirmance of the December 15 Notification. While the timeframe is not necessarily significant in terms of duration, on balance of the factors, Tesoro is likely to show it was unreasonable under the circumstances because of how quickly the prior decisions were made and Tesoro's immediate reliance on the decisions.

[¶32]   While the underlying claims may have significant complexity, the decision itself is relatively straightforward. The Acting Secretary concluded there were unaddressed due process concerns in the prior decision that warranted vacatur. The prior decisions affected Tesoro's property rights because it had already paid the fine and has vacated use of the pipeline. By vacating the pipeline and paying the fine, Tesoro has demonstrated it has relied on the prior decisions. The current record is inconclusive on whether the Acting Secretary's reasons were merely pretextual. Finally, the impact of a wrong decision without reconsideration is minimal because the Acting Secretary did not find any substantive error in the prior decisions. Rather, the Acting Secretary only found there were vague due process concerns that went unaddressed.

---

[6] The Eighth Circuit has not expressly adopted the factors to consider a claim for untimeliness set forth by the Sixth Circuit in Belville. See Coteau Props. Co. v. Dep't of Interior, 53 F.3d 1466, 1478-1479 (8th Cir. 1995). In Coteau, the Eighth Circuit found Belville to be inapplicable under the circumstances but that the administrative decision was nevertheless arbitrary. Id. at 1479. The Court concludes the factors announced by the Sixth Circuit in Belville are helpful here in determining the timeliness of the Vacatur Order.

- 13 -

[¶33]   In total, Tesoro is likely to succeed in showing the Defendants violated the APA and improperly issued the Vacatur Order. Because Tesoro has shown the Vacatur Order was made without notice and in an unreasonable time under the circumstances, the Court does not consider the remaining arguments at this time. See See Nokota Horse Conservancy, Inc. v. Bernhardt, 666 F.Supp.2d 1073, 1080 (D.N.D. 2009) ("The Court finds at this preliminary stage of the litigation, and based on the limited information in the record, the Conservancy has established a sufficient likelihood of success on the merits of its trademark infringement claim. The Court finds it is unnecessary to undertake an extensive review of the Conservancy's additional claims."); Running Horse, LLC v. Rodenbough Trucking & Excavating, Inc., 2016 WL 8737867, *3 (D.N.D. February 26, 2016) ("A likelihood of success on the merits of even one claim can be sufficient to satisfy the 'likelihood of success' Dataphase factor.").

[¶34]   Tesoro is also likely to succeed in showing the decision to vacate the prior orders was arbitrary and capricious. The Supreme Court has defined the standard for a claim for arbitrary and capricious review of an agency action:

> Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

[¶35]   The Court finds Coteau Properties Co. v. Dep't of Interior helpful in this case. In Coteau, the Eighth Circuit reviewed a "final agency decision by the Office of Surface Mining, Reclamation and Enforcement (OSM)." 53 F.3d 1466, 1477-79 (8th Cir. 1995). The plaintiff was a mining company that held permits granted by the North Dakota Public Service Commission ("PSC"), which in turn was given authority by the federal government to issue certain permits. Id. Coteau

- 14 -

had business dealings with a local power coop and its subsidiaries. Id. Ultimately, certain miners filed a "citizen's complaint" alleging Coteau did not hold a proper permit required by federal and state law. Id. Additionally, the "citizen's complaint" alleged Coteau did not disclose it was owned by the electric coop. OSM gave the PSC 10 days to investigate. Id. Ultimately, the PSC determined Coteau was not owned or controlled by Basin. Id. OSM did not respond until approximately three months later when a chief of OSM reached the opposite conclusion from the PSC. Id. The very next day, however, OSM's director concluded the PSC was correct that Coteau was not owned or controlled by the coop. Id. This decision was subsequently reaffirmed on January 19, 1993.

[¶36]   Only six days after the reaffirmation, the presidential administration changed. Id. An acting director of OSM was appointed and withdrew the decision and reopened investigations. Id. Approximately seven months later, on August 18, 1993, the acting director of OSM concluded Coteau was owned/controlled by Basin. Id. Coteau sought immediate judicial review rather than pursue agency review process. Id. The district court dismissed the claim, finding the agency did not act arbitrarily or capriciously. Id.

[¶37]   The Eighth Circuit concluded the decision to withdraw and reverse the prior decision was arbitrary because (1) "there was no smoking gun in the record that the previous director could have overlooked" and "the previous director had considered and had based his determination on the relevant record"; (2) the new administration did not apply the "deferential standard of review mandated by OSM's own regulations"; and (3) the previous director's recusal after issuing the determination, without more, did "not provide reason for invalidating a previous determination." Id. at 1478.

[¶38]   This case is similar to Coteau. There is no smoking gun that the Acting Secretary found to summarily reverse the prior decisions. In issuing the Vacatur Order, the Acting Secretary only

- 15 -

pointed to vague assertions of due process concerns raised by the parties. The decision to vacate the prior decisions was likewise made without warning or notice to the parties to object or provide any rationale contrary to the new administration's decision to vacate a decision under the prior presidential administration. And Tesoro immediately relied on the prior orders by vacating the pipeline and paying the fine. Once the fine was paid, the BIA cashed the check, confirming the finality of the decision. As has been clarified by the United States Claims Court, "[i]f the parties act on the initial decision, however, and if the agency knows they will act, then the agency may reverse its initial decision only upon a showing that it was erroneous." McAllister v. United States, 3 Cl. Ct. 394, 398 (1983). The Vacatur Order did not establish the prior decisions were substantively erroneous. It merely stated there may have been due process concerns.

[¶39]   Putting all of this together, the Court finds Tesoro is likely to succeed in showing the Vacatur Order was arbitrary and capricious.

### 3.  Threat of Irreparable Harm

[¶40]   The purpose of injunctive relief is to provide a remedy for an irreparable harm that has inadequate legal remedies. Celco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). "When there is an adequate remedy at law, a preliminary injunction is not appropriate." Watkins Inc., 346 F.2d at 844. In other words, "[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." General Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009). "[P]otential loss of consumer goodwill qualifies as irreparable harm." Iowa Utilities Bd. V. F.C.C., 109 F.3d 418, 426 (8th Cir. 1996). Courts can presume irreparable harm if the movant has established a probability of success on the merits of their claim. See Calvin Klein, 815 F.2d at 505 ("The court correctly noted that it could presume irreparable injury from a finding of probable

success in proving likelihood of confusion." (citing <u>Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc.</u>, 633 F.2d 746, 753 (8th Cir. 1980))); <u>see also</u> <u>Kodiak Oil & Gas Inc. v. Burr</u>, 303 F.Supp.3d 964, 984 (D.N.D. 2018) ("The Eighth Circuit Court of Appeals has explained that a district court can presume irreparable harm if the movant has a likelihood of success on the merits.").

[¶41]   Tesoro has shown it will suffer irreparable harm if the Vacatur Order and remand for further proceedings is allowed to continue during the pendency of this litigation. Without Court intervention, the issues raised by Tesoro could not be considered in the administrative context. The process would simply restart without review by this Court. There is no remedy besides Court intervention that allows Tesoro further appealed the Vacatur Order to have it rescinded. Absent the injunction, Tesoro will be required to redo all the previous administrative proceedings while at the same time pursue its administrative appeal of the Vacatur Order in this Court.  In other words, there is no adequate remedy at law under the circumstances. <u>General Motors</u>, 563 F.3d at 319 ("Irreparable harm occurs when a party has no adequate remedy at law.").

[¶42]   Accordingly, Tesoro has shown it will suffer irreparable harm absent a preliminary injunction.

### 4.  Balance of Harms

[¶43]   "Once the court has determined that there is a threat of irreparable harm to the moving party, it must balance this harm with any injury an injunction would inflict on other interested parties." <u>Richland/Wilkin Joint Powers Authority v. United States Army Corps of Engineers</u>, 826 F.3d 1030, 1039 (8th Cir. 2016).

[¶44]   The balance of harms favors Tesoro. A preliminary injunction at this stage will have little impact on the Defendants. Whereas without a preliminary injunction, Tesoro would be forced to repeat its already-repetitive analysis of the costs associated with the pipeline. Finality is important

- 17 -

to Tesoro. The Vacatur Order was issued without notice and in a timeframe that is likely unreasonable under the circumstances. Pausing the Vacatur Order during the pendency of this litigation will provide an opportunity to review the Vacatur Order in light of the entire record. The harm to the Agency is minimal whereas the harm to Tesoro is apparent and the level of uncertainty is significant and unacceptable. Because of this, the balance of harms leans in favor of Tesoro.

### 5. Public Interest

[¶45]   "For the court to grant an injunction, the moving party must establish that the entry of the relief would serve public interest." North Dakota v. E.P.A., 127 F.Supp.3d 1047, 1059 (D.N.D. 2015) (citing Dataphase, 640 F.2d at 113).

[¶46]   The public interest favors Tesoro. The public has a strong interest in final agency decisions actually being final. It would be administrative chaos to allow an agency to unilaterally reopen decided matters without providing the required notice to the parties as has happened here. While the Court appreciates the Defendant's stance that the public interest dictates an injunction would disrupt an orderly discharge of the Agencies' duties, the Agency itself appears to carry the blame here. The Acting Secretary unilaterally vacated the prior orders without notice to Tesoro. This appears to be a roughshod performance of the Agencies' operations. The public interest favors an injunction of the Vacatur Order and subsequent administrative proceedings.

### II.    Motion to Intervene

[¶47]   Also before the Court is a Motion to Intervene. The Court previously denied many of the currently proposed intervenors' request. Doc. No. 67. The proposed intervenors claim the July 2022 proposed settlement agreement shows the United States does not adequately represent their interests. This motion is simply a second attempt to intervene—albeit it with several additional

proposed intervenors—after having been previously denied. Nothing in the present Motion to Intervene changes the Court's prior conclusions.

[¶48]   Intervention as a matter of right is inappropriate because the United States continues to adequately represent the proposed intervenors' interest in this case.[7] <u>See</u> Doc. No. 67, ¶¶ 7-14. As for permissive intervention, the case would be substantially expanded and further delay of the preliminary injunction decision would likely occur. <u>See id.</u> at ¶ 19. The Court remains unconvinced intervention will streamline the judicial proceedings.[8] <u>See id.</u> at ¶ 20. The July 2022 proposed settlement agreement is not a new fact requiring reconsideration. Nor is the Court's previous order bifurcating this case and staying the trespass claim until final resolution of the administrative issues a significant change. In fact, the Court previously noted any claim for trespass by allottees "lacks a common question of law with the main action." <u>Id.</u> at ¶ 18. In short, the Court adopts its prior reasoning (Doc. No. 67) in full here. The Motion to Intervene is, therefore, again **DENIED**.

## <u>CONCLUSION</u>

[¶49]   On balance, the <u>Dataphase</u> factors favor preserving the status quo while the legal issues are fully considered by this Court. <u>See</u> <u>Dataphase</u>, 640 F.2d at 113 (noting the Court should look first to "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined"). Accordingly, and for the reasons articulated above, Tesoro's Motion for Preliminary Injunction is **GRANTED**. The administrative proceedings ordered by the Vacatur Order are hereby **ENJOINED** from further process until such time as this Court resolves the administrative issues in this case.

---

[7] As for Allottee's breach of trust claim, all parties agree the Federal Court of Claims has jurisdiction over that claim.
[8] In fact, as Tesoro argues, permitting the motion to intervene at this stage would likely cause further delay of the Court's consideration of Tesoro's Motion for Preliminary Injunction.

- 19 -

[¶50]   In addition, for the reasons set forth above and in the Court's prior Order, the Intervenor's Motion to Intervene is **DENIED**.

[¶51]   **IT IS SO ORDERED**.

DATED July 10, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court

- 20 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA (WESTERN DIVISION)

| | | |
|---|---|---|
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-CV-00090-DMT-CRH |
| v. | ) ) | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS, a part of the United States Department of the Interior, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | Case No. 1:21-CV-00090-DMT-CRH |
| TESORO HIGH PLAINS PIPELINE COMPANY, LLC, | ) ) ) | |
| Counterdefendant | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Valorie Brady, Richard Brown, Michelle Crows Heart, Frank Eagle, LaVerne Eagle, Theophile Eagle, Sherry Hall Baker, Todd Hall, Muriel Jackson, Lezlie Johnson, Eunice Lone Bear, Darrin Pegram, Lawrence Pleets, Cheryl Sears, Laurel Shaw, Jordan Spotted Bear Gunderson, Arnold Youngbird, Leslie Durando, Keith Heck, and Kevyn Heck

1

appeals to the U.S. Court of Appeals for the Eighth Circuit from this Court's July 10, 2024, Order

Granting Motion for Preliminary Injunction and Denying Motion to Intervene (ECF No. 84).

Dated: September 9, 2024

/s/ Jeffrey S. Rasmussen
Jeffrey S. Rasmussen
Patterson Earnhart Real Bird & Wilson LLP
1900 Plaza Drive
Louisville, CO 80027
Phone: 303-916-5292
Attorneys for Plaintiffs
jrasmussen@nativelawgroup.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I filed the foregoing document through the CM/ECF

system, thereby serving all counsel of record.


/s/ Steven Bonham
Steven Bonham
Assistant to Jeffrey S. Rasmussen

# AMENDED

## U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

*Please note any additions or deletions to the style of the case from the style listed on the docket sheet.*

Case No.  1:21-cv-090

Tesoro High Plains Pipeline Company, LLC et al vs. USA et al

Length of trial:

Financial Status:      Fee Paid?                                    ☑ Yes         ☐ No
                       If **NO**, has IFP been granted?             ☐ Yes         ☐ No
                       Is there a pending motion for IFP?           ☐ Yes         ☑ No

Are there any other pending post-judgment motions?                 ☐ Yes         ☑ No

Please identify the court reporter:          ☐  No hearings held

    Name:  Ronda Colby

    Address:   PO Box 1193, Bismarck, ND 58502

    Telephone Number:   701-530-2300

Criminal cases only:
    Is the defendant incarcerated?      ☐  Yes (include address below)          No ☐

    Please list all other defendants in this case if there were multiple defendants.

**SPECIAL COMMENTS:**